LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

GREGORIO JIMENEZ,
*on behalf of himself and
FLSA Collective Plaintiffs*,

        Plaintiff,

    v.

LX 1204 JEWELRY INC,
KEVIN LEE and
SAM [LNU],

        Defendants.

---

Case No.:

**COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, GREGORIO JIMENEZ, (hereinafter, "Plaintiff" or "Jimenez"), on behalf of himself and FLSA Collective Plaintiffs, by and through his undersigned attorney, hereby files this Complaint against Defendants, LX 1204 JEWELRY INC, KEVIN LEE and SAM [LNU] (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

1

## INTRODUCTION

1. Plaintiff allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, GREGORIO JIMENEZ, is a resident of Queens County, New York.

6. Upon information and belief, Defendant, LX 1204 JEWELRY INC, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 1204 Broadway, New York, New York, 10001.

7. Upon information and belief, Defendant, KEVIN LEE, is the Chairman of Defendant, LX 1204 JEWELRY INC. Defendant KEVIN LEE exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii)

determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

8. Upon information and belief, Defendant, SAM [LNU], is a principle of Corporate Defendants Corporate Defendant LX 1204 JEWELRY INC. Defendant SAM [LNU] exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised their power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

9. At all relevant times, each of Defendants, LX 1204 JEWELRY INC, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

11. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay

3

them minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

15. In or about April 2015, Plaintiff JIMENEZ was hired by Defendants and/or their predecessors, as applicable, to work as a sales representative for Defendants' jewelry shop located at 1204 Broadway, New York, New York, 10001.

16. Plaintiff JIMENEZ worked for Defendants until on or about November 5, 2018.

17. During his employment, Plaintiff JIMENEZ worked over forty (40) hours per week. Specifically, Plaintiff worked the following schedule:

   a) From the beginning of his employment until on or about December 31, 2017, Plaintiff worked from 8:30 a.m. until 6:30 p.m. for six (6) days a week, for total of sixty (60) hours each week.

   b) From on or about January 1, 2018 until November 5, 2018, Plaintiff worked from 9 a.m. until 6:30 p.m. for four (4) days a week, and from 11:00 a.m. until 6:30 p.m. for one (1) day a week, for a total of forty-five and half (45.5) hours each week.

4

18. Plaintiff JIMENEZ received his compensation on a fixed salary basis at the following rates:

   a) From the beginning of his employment until on or about December 31, 2015, Plaintiff was paid daily rate of $95;

   b) From on or about January 1, 2016 until on or about December 31, 2016, Plaintiff was paid daily rate of $100; and

   c) From on or about January 1, 2017 until November 5, 2018, Plaintiff was paid daily rate of $115.

19. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation.

20. During her employment by Defendants, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, she never received any spread-of-hours premium for working such shifts, as required under the New York Labor Law.

21. During his employment, Plaintiff received his compensation entirely in cash and was never provided with a pay stub from Defendants.

22. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half).

23. Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage to the Plaintiff and FLSA Collective Plaintiffs.

24. Defendants unlawfully failed to pay Plaintiff and other non-exempt employees spread-of-hours premium for working shifts exceeding ten (10) hours in duration, as required under the New York Labor Law.

25. Defendants knowingly and willfully operated their business with a policy of not paying full wages to Plaintiff.

26. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and anytime thereafter, in violation of the New York Labor Law.

27. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and the FLSA Collective Plaintiffs, in violation of the New York Labor Law.

28. Plaintiff retained Lee Litigation Group, PLLC to represent him and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. Plaintiff realleges and reaver Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

31. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

32. Upon information and belief, at all relevant times, Corporate Defendant LX 1204 JEWELRY INC had gross revenues in excess of $500,000.

33. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

34. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

35. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

36. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

37. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

39. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

40. Plaintiff realleges and reaver Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

42. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

43. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

44. Defendants willfully violated Plaintiff's rights by failing to pay "spread-of-hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours.

45. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

46. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

47. Defendants willfully violated Plaintiff's rights by paying him on a salary basis, because Plaintiff is a non-exempt employee who must be paid on an hourly basis under the New York Labor Law.

48. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, unpaid minimum wages, unpaid spread-of-hours, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA;

d. An award of unpaid minimum wages due under the FLSA and New York Labor Law;

e. An award of unpaid spread-of-hours premium under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and spread-of-hours pursuant to the New York Labor Law;

h. An award of statutory penalties, and prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 28, 2019

    Respectfully submitted,

    LEE LITIGATION GROUP, PLLC
    C.K. Lee (CL 4086)
    Anne Seelig (AS 3976)
    30 East 39th Street, Second Floor
    New York, NY 10016
    Tel.: 212-465-1188
    Fax: 212-465-1181
    *Attorneys for Plaintiff and FLSA Collective Plaintiffs*

    By:   /s/ C.K. Lee
         C.K. Lee, Esq. (CL 4086)